## WILLIAM PAUL v. THORNTON BROTHERS COMPANY.[1]

October 6, 1939.

No. 32,084.

Lewis E. Lohmann, for relator.
Robins & Davis, for respondent.

PER CURIAM.

This case comes here upon a writ of *certiorari* to review a decision of the industrial commission awarding compensation to the employe-respondent.

August 12, 1936, Paul sprained his back while skidding timbers into a truck-trailer. He finished his day's work but on the following day complained to his employer about the injury and was sent to a hospital, where he remained for three weeks, weights being applied to both his legs. About three days after he was discharged from the hospital he returned to his job, working about a month as mechanic's helper and then driving a truck. He continued working until the following April, when he was laid off. A week later he went to work for another employer driving a truck until August, 1937, when he was again laid off, and in October of that year he went on WPA until the first of January. In the same month he consulted another doctor about his injury, and on January 3,

[1]Reported in 287 N. W. 856.

1938, he was sent to a hospital, where he remained until sometime in February. The commission has found that he was totally disabled until the sixth of May, 1938.

The industrial commission awarded him temporary total disability from August 12, 1936, to September 5, 1936, and from January 3, 1938, to May 6, 1938, a total of 20 weeks, less the compensation previously paid, and for such temporary partial disability as he may have sustained from and after May 6, 1938.

The relator makes four contentions: First, that there is no evidence of causal connection between the present disability and the original accident; second, that the employe sustained no disability which necessitated medical care and attention; third, that he sustained no wage loss; and, fourth, that he gave no proper notice to his employer of his disability.

The record tends to prove that the original injury was a severe back strain which later became chronic. There is also in the record expert medical testimony justifying the commission in finding that the disability for which award was made was the result of the original injury. The award for total temporary disability was obviously made to cover the two periods while the employe was confined to the hospitals and the period of total disability until May 6, 1938. The remainder of the award applies to the period following his hospitalization and total disability. The matter of notice we do not consider to require comment.

We must therefore affirm the decision of the industrial commission. The employe will be allowed $100 attorney's fees, to be taxed with the costs and disbursements.

Affirmed.